# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| ALAN BUNGER, | ) |
|     Plaintiff, | ) |
| v. | ) Docket No. _____ |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
|     Defendant. | ) |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company, by and through counsel, pursuant to 28 U.S.C. §§ 1441, 1446(b)(3), and 1332, hereby gives notice that it is removing this civil action from the Circuit Court of Washington County, Tennessee to the United States District Court for the Eastern District of Tennessee at Greeneville.

### I. The Parties

1. Plaintiff Alan Bunger is a citizen and resident of Washington County, Tennessee. (*See* **Exhibit 1,** *Complaint* at ¶ 1.)

2. Defendant State Farm Fire and Casualty Company ("State Farm") is a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Illinois. *Id.* at ¶ 2.

### II. Jurisdiction

3. This Court has original jurisdiction over the claims in the *Complaint* pursuant to 28 U.S.C. § 1332(a)(l) because this action involves a dispute between citizens and residents of the state of Tennessee and a corporation of the state of Illinois. There is complete diversity between the parties to this case.

1

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, including the Complaint, are attached as **<u>Exhibit 1.</u>**

5. The Plaintiff's *Complaint* alleges that the Defendant wrongfully refused to pay Plaintiff's entire claim for an immediate and direct physical loss caused by a wind and hailstorm, which allegedly occurred in September 27, 2024 to his property, located at 3013 Hackberry Drive, Jonesborough, TN 37659 (the "Property") *(Id.* at ¶ ¶ 6, 10, and 14).

6. The Plaintiffs seek damages against the Defendant for breach of contract and Statutory Bad Faith. *(Id.* at ¶ ¶ 17-27.)

7. Plaintiff's Complaint includes in his prayer for relief a request for damages well in excess of the statutory minimum required for diversity jurisdiction. *(Id.* at p. 6, ¶A).

8. The Complaint also demands a bad faith penalty pursuant to T.C.A. § 56-7-105 and punitive damages. The amount in controversy therefore exceeds $75,000 exclusive of interest and costs and jurisdiction is therefore proper.

III. **Venue**

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Property that is the subject of this action is situated here. *(Id.* at ¶ 1.) Further, Washington County is located in the Southern Division of the Eastern District of Tennessee (Greeneville) pursuant to 28 U.S.C. § 123(a)(3).

2

### IV. Grounds for Removal

10. On September 23, 2025, the Plaintiff commenced this civil action, Docket No. 43574, against the Defendant in the Circuit Court for Washington County, Tennessee.

11. Pursuant to 28 U.S.C. § 1446(b)(l), the Defendant is timely removing this action to the United States District Court for the Eastern District of Tennessee at Greeneville, as it is being removed within 30 days after service of summons upon it.

12. Because there is diversity jurisdiction under 28 U.S.C. § 1332(a)(l), this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1441(a) and the action is properly removable pursuant to 28 U.S.C. §§ 1441 and 1446.

13. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly giving notice of this Notice of Removal to the clerk of the Circuit Court for Washington County and to counsel for the Plaintiff. The giving of such notice will affect this removal pursuant to 28 U.S.C. § 1446(b)(l). A copy of the state court notice is attached as **Exhibit 2.**

14. By removing this action, Defendant does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

**WHEREFORE,** the Defendant requests that further proceedings of the Washington County Circuit Court be discontinued and this action be removed in its entirety to the United States District Court for the Eastern District of Tennessee, at Greeneville.

Respectfully submitted, this 18th day of November 2025.

**JOHNSON EVANS & HEADRICK, P.C.**

*/s/ G. Alan Rawls*
Matthew J. Evans  BPR #017973
Daniel C. Headrick  BPR #026362
G. Alan Rawls, BPR #038300
900 S. Gay Street, Suite 1810
Knoxville, Tennessee 37902
(865) 314-8422
mevans@je.legal
dheadrick@je.legal
arawls@je.legal
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of November 2025 the foregoing *Notice of Removal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail at the following address. Parties may access this filing through the Court's electronic filing system.

 J. Barton Denham, Esq. (BPR #042596)
 Denham Property & Injury Law Firm
 250 W. Main Street, Suite 120
 Lexington, KY 40507
 E: Bart@Denham.Law
 Service@Denham.Law
 *Counsel for Plaintiff*

             */s/ G. Alan Rawls*